UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESTFIELD CLUB,

        Plaintiff/Counter-Defendant,

                                            File No.  1:07-CV-499

v.

                                            HON. ROBERT HOLMES BELL

DINA DOMINIQUE,

        Defendant/Counter-Plaintiff.
        _____/

**MEMORANDUM OPINION AND ORDER**

        This matter is before the Court on Defendant Dina Dominique's *ex parte* emergency motion for an order to stay eviction.  (Def.'s Mot., Docket #13.)  Defendant seeks a stay of an order of eviction that was obtained by Plaintiff Westfield Club from the 56A District Court for the County of Eaton, Michigan.  On May 23, 2007, Defendant removed this action from the 56A District Court for the County of Eaton, Michigan, to federal court pursuant to 28 U.S.C. § 1441.  Defendant alleges that this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1443.  Defendant alleges that there is federal question jurisdiction because of claims arising under 42 U.S.C. §§ 1437f, 1983, and 24 C.F.R. § 982.453.

        On March 13, 2007, Plaintiff filed the original complaint in state court.  On May 10, 2007, Plaintiff filed a second amended complaint in state court.  On May 15, 2007, the state court issued a judgment providing that if Defendant did not pay $690.04 by May 25, 2007,

she would be evicted.  On May 23, 2007, Defendant removed this case to federal court and provided notice of removal to Plaintiff and the state court on May 24, 2007.  On May 29, 2007, Plaintiff sought an order of eviction in state court.  The state court issued an order of eviction on May 30, 2007.[1]  On May 31, 2007, Defendant filed the motion that is now before the Court.

"Subject matter jurisdiction is an issue that must be raised *sua sponte* by a federal court where appropriate and can be raised at any time."  *Norris v. Schotten*, 146 F.3d 314, 324 n.5 (6th Cir. 1998) (citing *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 189 (6th Cir. 1993), *cert. denied*, 511 U.S. 1084 (1994); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 & n.1 (6th Cir. 1992)).  Upon reviewing Defendant's motion and the other pleadings, the Court has determined that it is appropriate for the Court to consider whether the Court has subject matter jurisdiction over this dispute.

---

[1] As the Court lacks subject matter jurisdiction the Court does not reach the question of the validity of an action by a state court after an improper removal, but before remand. *See, e.g.*, *South Carolina v. Moore*, 447 F.2d 1067, 1073 (4th Cir. 1971) ("[T]he state court loses all jurisdiction to proceed immediately upon the filing of the [notice of removal] in the federal court and a copy in the state court.").  Even if the Court did have federal question based subject mater jurisdiction, the *Rooker-Feldman* doctrine would likely still bar this Court's consideration of the state court decision.  *See Pieper v. Am. Arbitration Ass'n*, 336 F.3d 458, 460 (6th Cir. 2003) ("The *Rooker-Feldman* doctrine is derived from two Supreme Court cases which establish that 'lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings.'" (quoting *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002));  *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

The federal courts are courts of limited jurisdiction which may exercise only those powers authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). As the party asserting the Court's jurisdiction, Defendant has the burden of proving that the Court has subject matter jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2006).

"Federal district courts have original jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Roddy v. Grand Trunk W. R.R.*, 395 F.3d 318, 322 (6th Cir. 2005) (quoting 28 U.S.C. § 1331). In determining whether a complaint arises under federal law the Court must "apply the 'well-pleaded complaint' rule." *Id.* (quoting *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003)). Under the well-pleaded complaint rule the Court examines "the 'well pleaded' allegations of the complaint and ignore[s] potential defenses." *Beneficial Nat'l Bank*, 539 U.S. at 6. "Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. "Accordingly, if the plaintiff

chooses to bring a state law claim, that claim cannot generally be 'recharacterized' as a federal claim for the purpose of removal." *Roddy*, 395 F.3d at 322 (citing *Loftis*, 342 F.3d at 515). "[A] case may *not* be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393.

Upon review of the Plaintiff's complaint, the Court finds that the face of Plaintiff's complaint does not allege any federal questions. Plaintiff's complaint only presents questions of state landlord-tenant law. With respect to Defendant, her assertion of federal claims in her answer and counter-claim are insufficient to create federal question jurisdiction, because the federal question must appear "on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule precludes Defendant's federal defenses from creating subject matter jurisdiction. *See id.* at 393. As the Court lacks subject matter jurisdiction over this dispute, the Court does not have jurisdiction to adjudicate Defendant's request for legal or equitable relief in relation to the state court's eviction order. Defendant's motion for a stay of the eviction order is denied. As the Court has determined that it lacks subject matter jurisdiction, removal from the state court was improper, therefore, the Court remands this case to the 56A District Court for the County of Eaton, Michigan. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's emergency motion for an order to stay eviction (Docket # 13) is **DENIED**.

**IT IS FURTHER ORDERED** that this case shall be **REMANDED** to the 56A District Court for the County of Eaton, Michigan.


Date:    May 31, 2007                /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE